**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**LINDSEY CASALI,**

     **Plaintiff**

**v.**                          **Case No. 1:16-cv-778**

**GEICO INSURANCE COMPANY,**

     **Defendant.**

## NOTICE OF REMOVAL

GEICO General Insurance Company (hereinafter "GEICO"), improperly named as GEICO Insurance Company, by and through its counsel of record, CHAPMAN AND CHARLEBOIS, P.C. (Donna L. Chapman and Jessica C. Singer) hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and in support thereof, states as follows:

1.    Plaintiff Lindsey Casali ("Plaintiff") filed her Complaint to Recover Damages for Personal Injury Resulting from Automobile Accident and Bad Faith ("Complaint") in the Second Judicial District, Bernalillo County, State of New Mexico, in Cause No. D-202-CV-2016-03254 (hereinafter "State Court Action") on May 24, 2016. (*See* Plaintiff's Complaint, attached hereto as Exhibit A).

2.    In her Complaint, Plaintiff alleges she was a resident of the State of New Mexico at the time of the collision. (*Id.* at ¶ 1).

3.    Plaintiff named Defendant GEICO, as the only Defendant in Plaintiff's Complaint.

4.     Defendant asserts GEICO is incorporated and its principal place of business is in the state of Maryland.

5.     Diversity of citizenship is present in this matter as set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b)(2).

6.     Defendant accepted service through the Superintendent of Insurance on June 6, 2016.  (*See* Exhibit B).

7.     Less than thirty (30) days have passed since Defendant accepted service of the initial pleadings on this matter.

8.     As Defendant has accepted service and is the only Defendant served in this matter, 28 U.S.C. § 1446(b)(2)(A) is satisfied.  (*See* Register of Actions for the State Court Action, hereto attached as Exhibit C).

9.     Pursuant to Plaintiff's allegations, the amount in controversy exceeds $75,000, as set forth in 28 U.S.C. §§ 1441(b)(2).

10.    Pursuant to the allegations in Plaintiff's Complaint, dated May 24, 2016, the amount in controversy exceeds the jurisdictional amount of $75,000. (Complaint ¶30). Plaintiff demanded $100,000 in policy limits pursuant to Paragraph 30 of Plaintiff's Complaint after applying the tortfeasor liability limits offset. *See* also, *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305-06 (D.N.M. 2001). Plaintiff's Complaint seeks an award of punitive damages (Complaint Count V.) While GEICO denies liability to Plaintiff for compensatory or punitive damages, Plaintiff's claim for punitive damages, even at a multiplier of two times the compensatory damages claimed would exceed the jurisdiction threshold for diversity jurisdiction.   Alternatively, Plaintiff seeks an award of treble damages under the Unfair Practices Act.  (Complaint ¶ 58, 61 and the Wherefore ¶

following 61).   Additionally, Plaintiff's Complaint seeks an award of attorney's fees pursuant to NMSA 1978, §39-2-1, NMSA §59A-16-20 and NMSA 1978, §57-12-10. (See Complaint, ¶ 48, 53, the Wherefore ¶ following para 61, 66). Upon information and belief, Plaintiff will likely seek in excess of $50,000 in attorney's fees through the trial of this matter.

11.   This case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

12.   By and through this Notice of Removal, Defendant removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

13.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date.

14.   Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice of Filing of Removal in the State Court Action, a copy of which is hereto attached as Exhibit D.

15.   In addition to the Notice of Filing Notice of Removal in the State Court Action, Defendant is concurrently filing an Entry of Appearance in the State Court Action on this date, a copy of which is hereto attached as Exhibit E.

16.   Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

17.   A Civil Cover Sheet for this Court is hereto attached as Exhibit F.

**WHEREFORE**, the removing Defendant gives notice the above-styled action, which was pending in the Second Judicial District, Bernalillo County, State of New Mexico, as Cause No. D-202-CV-2016-03254 is removed to this Court.

Respectfully submitted,

**CHAPMAN AND CHARLEBOIS, P.C.**

/s/ *Donna L. Chapman, Attorney at Law*
Donna L. Chapman
Jessica C. Singer
PO Box 92438
Albuquerque, NM  87199
(505) 242-6000
Donna@cclawnm.com
Jessica@cclawnm.com
*Attorney for GEICO as to the extra-contractual claims only*

I hereby certify that on the 6th day of July, 2016, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

David E. Shelle
David Ray Rosales
Rosales Law Group, P.C.
PO Box 7899
Albuquerque, NM 87194
DavidRosales@NewMexicoCounsel.com
DShelle@NewMexicoCounsel.com
*Attorneys for Plaintiff*

/s/ *Donna L. Chapman, Attorney at Law*

4

**FILED IN MY OFFICE**
**DISTRICT COURT CLERK**
**5/24/2016 4:05:05 PM**
**James A. Noel**
**Chris Peck**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

LINDSEY CASALI
      Plaintiff,

vs.                No.  D-202-CV-2016-03254

GEICO INSURANCE COMPANY,
      Defendant.

## COMPLAINT TO RECOVER DAMAGES FOR PERSONAL INJURY RESULTING FROM AUTOMOBILE ACCIDENT
## AND
## BAD FAITH

    **COMES NOW**, Plaintiff, Lindsey Casali, (*hereafter* "Plaintiff" or "Lindsey Casali"), by the undersigned counsel, Rosales Law Group, P.C. (David Ray Rosales, Esq. and David E. Shelle, Esq.), and for Plaintiff Lindsey Casali's *Complaint to Recover Damages for Personal Injury Resulting from Automobile Accident and Bad Faith* against Defendant GEICO Insurance Company, (*hereafter*, "GEICO"), hereby states the following:

### GENERAL ALLEGATIONS

1. The Plaintiff, Lindsey Casali, is a resident of Taos County, State of New Mexico, and has resided in said County and State for more than six (6) months prior to the filing of this Complaint.

2. Upon information and belief, the Defendant, GEICO Insurance Company, is a foreign insurance company is licensed to do business within the State of New Mexico pursuant to the Mandatory Financial Responsibility Act.

3. Upon information and belief, the Defendant, GEICO is a foreign, for-profit insurance corporation, duly authorized and doing business within the State of New Mexico and has

1



significant contact with the State of New Mexico for this Court to have jurisdiction over the subject matter herein.

4. GEICO insured the Plaintiff Lindsey Casali under an Underinsured Motorist Policy (*hereafter*, UIM Policy). Said policy which coverage was in effect at all times material hereto, provided for underinsured motorist coverage in the event Plaintiff Lindsey Casali had an accident with an uninsured driver.

5. The actions and occurrences complained of herein occurred in the Taos County, State of New Mexico.

6. This Court has jurisdiction over the parties and subject matter herein.

7. On or about October 16, 2014, the Plaintiff Lindsey Casali was involved in an automobile collision.

8. The Plaintiff, Lindsey Casali, was driving her vehicle on State Road 522 in Taos, New Mexico, when a vehicle driven by Joseph Tafoya, a underinsured motorist, collided into Plaintiff Lindsey Casali.

9. Plaintiff, Lindsey Casali was injured as a direct and proximate result of the collision.

10. Joseph Tafoya had a duty to exercise ordinary care, at all times, to prevent an accident.

11. Joseph Tafoya had a duty to keep a proper lookout so as to avoid placing others in danger and to prevent an accident.

12. Joseph Tafoya had a duty to yield the right-of-way so as to avoid placing others in danger and to prevent an accident.

13. Joseph Tafoya breached the duty to exercise ordinary care, keep a proper lookout, and yield the right-of-way to oncoming traffic.

14. Joseph Tafoya was cited by the Police Department for failure to yield the right-of-way.

2

15. Joseph Tafoya acted in a careless, negligent, grossly negligent, wanton, reckless, and otherwise wrongful manner in complete disregard for the safety of others during the operation of the vehicle he was driving.

16. As a direct and proximate result of Joseph Tafoya's negligent, grossly negligent, careless, reckless, wanton, and otherwise wrongful conduct the Plaintiff, Lindsey Casali sustained severe injuries.

17. As a direct and proximate result of Joseph Tafoya's negligent, grossly negligent, careless, wanton, reckless and otherwise wrongful conduct the Plaintiff Lindsey Casali received medical treatment and incurred medical costs for injuries.

18. As a direct and proximate result of Joseph Tafoya's negligent, grossly negligent, careless, wanton, reckless and otherwise wrongful conduct, the Plaintiff Lindsey Casali sustained pain, suffering and loss of enjoyment of life, in a more specific amount to be proven at the time of trial.

19. As a direct and proximate result of Joseph Tafoya's negligent, grossly negligent, careless, wanton, reckless and otherwise wrongful conduct, Plaintiff Lindsey Casali sustained hedonic damages, loss of income, loss of earning capacity, loss of household services, pain and suffering and loss of enjoyment of life in a more specific amount to be proven at the time of trial.

20. As a direct and proximate result of Joseph Tafoya's negligent, grossly negligent, careless, wanton, reckless and otherwise wrongful conduct, Plaintiff Lindsey Casali sustained incidental and consequential damages, in a more specific amount to be proven at the time of trial.

21. As a direct and proximate result of Joseph Tafoya's negligent, grossly negligent, careless, wanton, reckless and otherwise wrongful conduct, Plaintiff Lindsey Casali is entitled to

3

punitive damages.

22. Joseph Tafoya and non-party ALLSTATE Insurance Company negotiated a settlement of Plaintiff Lindsey Casali's claim in the amount of $25,000.00, or the per-person policy limits under Joseph Tafoya's liability policy.

23. Upon Joseph Tafoya and ALLSTATE Insurance Company's agreement to pay their limit of liability for the claims asserted by Plaintiff Lindsey Casali, Ms. Casali sought permission from Defendant GEICO to accept the settlement with Defendants, Joseph Tafoya and ALLSTATE Insurance Company, which was granted.

24. Plaintiff Lindsey Casali's damages exceeded the compensation obtained by way of the settlement with Joseph Tafoya and ALLSTATE Insurance Company, giving rise to claims for injuries and punitive damages for the egregious conduct of the tortfeasor; claims made under the aforementioned Underinsured Motorist Insurance Policy with GEICO.

25. Pursuant to the requirements of the policy with Defendant GEICO, Plaintiff Lindsey Casali notified GEICO of the automobile collision and of the damages, and thereby invoked the UIM policy under which Plaintiff Lindsey Casali's claim is made.

26. As a direct and proximate result of the collision, the Plaintiff Lindsey Casali has received medical treatment, incurred medical costs and will incur future medical costs.

27. Defendant GEICO, as the UIM insurance carrier, is liable for indemnification for the injuries sustained by Plaintiff Lindsey Casali and all damages claimed by her.

28. Defendant GEICO has a contractual duty to the Plaintiff Lindsey Casali, its insured, to provide the referenced coverage to Plaintiff Lindsey Casali.

29. The Plaintiff Lindsey Casali has attempted to negotiate a settlement amount for the medical costs incurred by Plaintiff as well as the medical cost reasonably anticipated to be incurred in

4

the future.

30. Starting on March 18, 2016, Plaintiff Lindsey Casali made a demand upon GEICO for the limits of the five (5) stacked policy limits of $25,000 with a credit to GEICO for the tortfeasor Joseph Tafoya's tender of his Allstate Insurance Company policy limits.

31. In support of her settlement demand Plaintiff Lindsey Casali provided an abundance of information and documentation including medical records, medical bills, a history of the accident, criminal history of the tortfeasor, a full description of pain and suffering and unresolved ongoing physical manifestations of Plaintiff Lindsey Casali's injuries, and the legal authority in support of such claims, including those for punitive damages.

32. On March 25, 2016, Defendant GEICO, through its "Claims Representative" Martini Gabrielle Lovato, made an unreasonably low and unsubstantiated offer of $1,000.00 to resolve the Plaintiff's Underinsured Motorist Coverage claim, and offered no substantive information of basis for the unreasonably low offer of settlement.

33. The Plaintiff Lindsey Casali did not respond to GEICO's unsubstantiated or unsupported offer, and instead simply requested a certified copy of the applicable policy. A certified copy of the policy was issued on April 1, 2016 by GEICO.

34. On May 3, 2016, Defendant GEICO, in an out-of-turn negotiation effort, arbitrarily and capriciously increased its previously unreasonably low and unsubstantiated offer of $1,000.00 to the amount of $7,800.00, an offer made by GEICO without any additional evidence or information on Plaintiff Lindsey Casali's claim, which underscores the arbitrary nature of GEICO's valuation, negotiation, and claims handling practices.

35. The fact that Defendant GEICO unilaterally made an adjustment of $6,800.00 from the last offer made, absent any further evidence, investigation or evaluation, is an example of the

unreasonable bad faith conduct of Defendant GEICO.

36. There has never been an adequate explanation offered by Martini Gabrielle Lovato, Defendant GEICO's "Claims Representative", for the arbitrary, capricious and unreasonably low incremental increased offers made to Plaintiff Lindsey Casali. No contrary evidence or support was ever offered by Defendant GEICO in support of the offers made to Plaintiff Lindsey Casali.

37. In response to Plaintiff Lindsey Casali's invocation of the arbitration provision of the UIM policy, Defendant GEICO, through its agent "Claims Representative", Martini Gabrielle Lovato, issued a letter on May 12, 2016 stating, "Please be advised that we are declining to proceed with arbitration as we are in the beginning of negotiations and would like to continue our efforts to settle Ms. Casali's underinsured motorist claim. On may 12, 2016 we have made an additional offer of $12,500.00 in our attempt to resolve Ms. Casali's claim."

38. However, ass stated, the Plaintiff Lindsey Casali has provided to the Defendant GEICO all medical records and medical bills generated in relation to treatment received and incurred by the Plaintiff Lindsey Casali.

39. Notwithstanding that all medical records and medical bills have been provided to Defendant GEICO, and the injuries Plaintiff Lindsey Casali has received have been fully articulated and explained to Defendant GEICO which result from the automobile collision of October 16, 2014, Defendant GEICO has thus far failed and refused to negotiate a fair and reasonable settlement for the Plaintiff Lindsey Casali.

40. Defendant GEICO has breached its duty to Plaintiff Lindsey Casali, its insured, to engage in meaningful and good faith settlement negotiations or to provide the referenced coverage.

41. The acts and omissions of Defendant GEICO have caused the Plaintiff damages.

42. As a direct and proximate result of the collision, the Plaintiff has had to hire an attorney to represent her in this matter and has incurred attorney fees and costs.

43. The total damages sought by Plaintiff Lindsey Casali against Defendant GEICO does not exceed $75,000, and this claim is therefore not subject to diversity jurisdiction of the Federal District Court.

**WHEREFORE**, the Plaintiff prays this Court for Judgment against the Defendant for all consequential damages which resulted therefrom in an amount to be determined by the trier of fact, for attorney fees, pre-judgment, costs and such other and further relief as the Court deems just and proper.

## COUNT I
## BREACH OF CONTRACT

44. The Plaintiff Lindsey Casali re-alleges and incorporates by reference all allegations contained within paragraphs numbered 1 through 43 as set forth hereinabove.

45. At all times material hereto there existed a certain contract for insurance between the Plaintiff Lindsey Casali and the Defendant GEICO.

46. At all times material hereto, the premium due on said insurance contract had been paid when due.   Defendant GEICO has wrongfully attempted to coerce and underpay Plaintiff Lindsey Casali's benefits and otherwise failed to perform in accordance with said contract of insurance.

47. Upon information and belief, the Defendant GEICO has failed to investigate the facts of the automobile collision.   The Defendant GEICO has arbitrarily, capriciously and unreasonably denied adequate coverage to Plaintiff Lindsey Casali.

48. The actions by Defendant GEICO constitute a breach of its contractual obligations to Plaintiff Lindsey Casali, which cause, and continue to cause, Plaintiff Lindsey Casali actual and

consequential damages for which she is entitled to recover against the Defendant. Plaintiff Lindsey Casali has been required to employ an attorney in bringing this suit and is entitled to attorney's fees and costs pursuant to NMSA 39-2-1 (1978).

49. The Plaintiff Lindsey Casali is entitled to pre-judgment interest at a statutory rate as provided by the laws of the State of New Mexico.

**WHEREFORE** Plaintiff Lindsey Casali prays this Court for Judgment against the Defendant GEICO for the damages incurred as a result of the breach of contract and for all consequential damages which resulted therefrom in an amount to be determined by the trier of fact, plus attorney's fees, pre-judgment interest, costs and such other and further relief as the Court deems just and proper.

## COUNT II
## BAD FAITH REFUSAL TO PAY BENEFITS UNDER INSURANCE POLICY

50. The Plaintiff Lindsey Casali re-alleges and incorporates by reference all of the allegations contained within paragraphs numbered 1 through 49 as set forth hereinabove.

51. The Defendant GEICO at all times material hereto, knowing that Plaintiff Lindsey Casali's claims are wholly valid and that Plaintiff Lindsey Casali is entitled to payment under the terms of the insurance policy, and that the Defendant GEICO has wrongfully attempted to coerce and underpay Plaintiff Lindsey Casali's benefits, which Plaintiff Lindsey Casali is entitled to, and otherwise has breached the implied covenant of good faith and fair dealing that Defendant GEICO owed to Plaintiff Lindsey Casali.

52. In denying Plaintiff Lindsey Casali's claim for benefits, Defendant GEICO acted wrongfully and unreasonably in the following respects, among others:

      (i)     Defendant GEICO at all times material hereto knew that the policy

8

provided that the Plaintiff Lindsey Casali was entitled to benefits payable, yet Defendant GEICO wrongfully refused to pay the same;

(ii)   Defendant GEICO wrongfully accepted premiums to provide coverage under the contract of insurance and then after accepting the premiums and after the claim was made, wrongfully denied coverage, and undertook a plan and scheme to deny payment of benefits and to avoid payment of benefits, under the terms and conditions of the policy for which it has accepted premiums;

(iii)   Defendant GEICO failed and refused to rely upon the credible statement of its own insured;

53. The Defendant GEICO's refusal to pay benefits has required Plaintiff Lindsey Casali to engage legal counsel and to initiate litigation to recover such benefits. Under NMSA 39-2-1 (1978) Plaintiff Lindsey Casali is entitled to recover costs and attorney's fees for bringing this cause of action.

54. At all times material hereto, Defendant GEICO knew, or should have known, that Plaintiff Lindsey Casali needed the funds which should have been paid under the policy. Nevertheless, Defendant GEICO acted deceitfully, oppressively, maliciously and outrageously toward Plaintiff Lindsey Casali and with conscious disregard for Plaintiff Lindsey Casali's rights. Defendant GEICO denied Plaintiff Lindsey Casali's claim willfully and withheld benefits to which she was properly entitled. Defendant GEICO, in breach of its duty of good faith, did negligently injure Plaintiff Lindsey Casali.

55. As a direct and proximate result of the conduct of Defendant GEICO, the Plaintiff Lindsey Casali sustained substantial compensable losses, including benefits withheld, economic losses,

attorney's fees, court costs, interest, travel expenses and other incidental and consequential damages and expenses and has suffered emotional distress, all to the damage and detriment of Plaintiff Lindsey Casali, in an amount which has not been fully ascertained, but which will be proved at the time of trial.

56. Plaintiff Lindsey Casali is entitled to recover pre-judgment interest from the date of the occurrence to the time of judgment, at a rate in accordance with the statutes of the State of New Mexico.

   **WHEREFORE** the Plaintiff Lindsey Casali prays this Court for Judgment against the Defendant GEICO for damages in an amount to be determined at the time of trial, for attorney's fees, costs of this action, pre-judgment interest and for such other and further relief as the Court may deem just and proper.

## COUNT III
## UNFAIR OR DECEPTIVE INSURANCE PRACTICES OR ACTS AND NEGLIGENCE PER SE

57. The Plaintiff Lindsey Casali re-alleges and incorporates by reference all of the allegations contained within paragraphs numbered 1 through 56 as set forth hereinabove.

58. At all times material hereto, there was in full force and effect in the State of New Mexico an insurance code prohibiting unfair insurance practices, as more particularly set forth in NMSA 1978, §59A-16-20.   Defendants GEICO violated at least the following provisions of NMSA 1978, §59A-16-20.

    (i)    Misrepresentation to Plaintiff of pertinent facts or policy provisions relating to coverage at issue, in violation of NMSA 1978, § 59A-16-20;

    (ii)    Failure to acknowledge and act reasonably and promptly upon communications with respect to the claim from Plaintiff Lindsey Casali

                    arising under the policy, in violation of NMSA 1978, § 59A-16-20(B);

    (iii)    Failure to adopt and implement reasonable standards for the prompt investigation and processing of Plaintiff's claim arising under the policy, in violation of NMSA 1978, § 59A-16-20(C);

    (iv)    Did not attempt in good faith to effectuate prompt, fair and equitable settlement of Plaintiff Lindsey Casali's claim in which liability had become reasonably clear, in violation of NMSA 1978, § 59A-15-20(E);

    (v)    Compelling Plaintiff Lindsey Casali into litigation to recover amounts due under the policy by offering substantially less than the policy provision, in violation with NMSA 1978, §59A-16-20 (G);

    (vi)    Attempting to settle Plaintiff Lindsey Casali's claim for less than the amount of which a reasonable person would have believed they were entitled by reference to written or printed advertising material and application, in violation of NMSA 59A-16-20(M) (1978);

59. The aforementioned statutes of the State of New Mexico are designed for the protection of persons such as Plaintiff Lindsey Casali, and, therefore, said violations constitute negligence *per se* as that term is defined in law; further, these statutes create duties and standards which were breached by Defendants, the breach of which injured Plaintiff Lindsey Casali.

60. The acts of omission of Defendants GEICO in violation of the statutes of the State of New Mexico were the proximate cause of damage to Plaintiff Lindsey Casali.

61. Due to the aforementioned acts and omissions of Defendant GEICO which constituted negligence *per se*, Plaintiff Lindsey Casali was damaged in an amount to be determined at the time of trial.

**WHEREFORE** Plaintiff Lindsey Casali prays the Court for Judgment against the Defendant GEICO for damages in an amount to be determined at the time of trial, for attorney fees, costs of this action, prejudgment interest, and for such other and further relief as the Court may deem just and proper.

**COUNT IV**
**CLAIM FOR VIOLATIONS OF UNFAIR PRACTICES ACT**
**AND NEGLIGENCE PER SE**

62. The Plaintiff Lindsey Casali re-alleges and incorporates by reference the allegations contained within paragraphs numbered 1 through 61 as set forth hereinabove.

63. At all material times hereto, there was in full force and effect in the State of New Mexico the "Unfair Practices Act" NMSA 57-12-1, et seq (1978). Such Act provides for private causes of action and remedies for violation of the Act.

64. The actions of Defendant GEICO constitute unfair and deceptive trade practices as defined by NMSA 57-12-2(D) (1978), in that Defendant GEICO committed the following acts:

    (i)    Caused confusion or misunderstanding as to the sources, sponsorship, approval or certification of goods or services, in violation of NMSA 57-12-2(D)(1978);

    (ii)    Represented that services are of a particular standard, quality or grade in violation of NMSA 57-12-2(D)(7)(1978);

    (iii)    Offered services with intent not to supply reasonable demand as expected by the public, in violation of NMSA 57-12-2(D)(10)(1978);

    (iv)    Used exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive, in violation of NMSA 57-12-2(D)(14)(1978); and

12

(v)    Stated that a transaction involves rights, remedies or obligations that it does not involve, in violation of NMSA 57-12-2(D)(15)(1978)

65. Further, the acts of the Defendant GEICO constitutes unconscionable trade practices as defined by NMSA 57-12-2(D)(1978), in that the Defendant GEICO took advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree and the sale of the insurance policy resulted in gross disparity between the value received by a person and the price paid.   Plaintiff Lindsey Casali lost money and property as a result of the employment by Defendant GEICO of the aforementioned unfair and deceptive trade practices and unconscionable trade practices.

66. Under NMSA 57-12-10 (1978), Plaintiff Lindsey Casali is entitled to recover the actual damages caused by the actions of the Defendants GEICO, plus costs of this action, and attorney fees.   As a result of the willfulness of Defendants GEICO as set forth hereinabove, Plaintiff Lindsey Casali is entitled to recover up to three (3) times actual damages.

**WHEREFORE** Plaintiff Lindsey Casali prays this Court for Judgment against the Defendants GEICO for treble damages in an amount to be proved at trial, for costs of the action, attorney fees, for pre-judgment interest from the date of injury to the time of judgment, and for such other and further relief as the Court may deem just and proper.

## COUNT V
## PUNITIVE DAMAGES

67. The Plaintiff Lindsey Casali re-alleges and incorporates by reference the allegations contained within paragraphs numbered 1 through 66 as set forth hereinabove.

68. For each of the allegations contained hereinabove of this Complaint, Defendant GEICO acted in a willful and wanton manner and in such gross disregard for the rights of Plaintiff Lindsey

13

Casali.   Such acts were authorized, participated in or ratified by the officers or management of Defendant GEICO, and Plaintiff Lindsey Casali is entitled to punitive damages or exemplary damages in an amount to be proven at the time of trial.

69. All of the acts and omissions contained hereinabove of this Complaint constitute willful, wanton and grossly wrongful acts, committed with reckless disregard for the rights of Plaintiff Lindsey Casali, such that Plaintiff Lindsey Casali is entitled to punitive and exemplary damages against Defendant GEICO in an amount to be proven at the time of trial.

70. At all times material hereto, the corporate officers and managers of Defendant GEICO participated in, authorized or ratified the aforementioned acts and omissions of Defendant GEICO.

**WHEREFORE** Plaintiff Lindsey Casali prays the Court for Judgment against Defendant GEICO for punitive damages in an amount to be proven at the time of trial for the following relief:

A.       Damages in an amount reasonable to pay Plaintiff Lindsey Casali pursuant to the Underinsured Motorist Coverage of the GEICO policy;

B.       Damages in an amount sufficient to compensate Plaintiff Lindsey Casali for past medical losses and for physical and mental pain and suffering, and for punitive damages;

C.       Damages in an amount that will compensate Plaintiff for future losses including incidental and consequential damages;

D.       Plaintiff's costs incurred in this action incurred by virtue of Defendant GEICO's violation of Section 59A-16-20. NMSA;

E.       Pre-judgment and post-judgment interest at the statutory rate per annum or as the trial court may, in its discretion, award;

F.       Such other and further relief as this Court deems just and reasonable.

14

Respectfully submitted,

ROSALES LAW GROUP, P.C.

By:

DAVID E. SHELLE
DAVID RAY ROSALES
*Attorneys for Plaintiff Lindsey Casali*
P.O. Box 7899
Albuquerque, New Mexico 87194
Telephone:   (505) 866-4529
Facsimile:      (505) 465-7035
E-mail:
DavidRosales@NewMexicoCounsel.com
DShelle@NewMexicoCounsel.com

15

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM  87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM  87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

**SUPERINTENDENT OF
INSURANCE**
John G. Franchini – (505) 827-4299

**Service of Process**
Room 434
(505) 827-1291

**DEPUTY SUPERINTENDENT**
Robert Doucette – (505) 827-4439

June 6, 2016

*04052545 00101021 - Martini*
*04052545 00101039 - Chuck*

GEICO General Insurance Co.
Legal Dept. – Matthew J Zuraw
2280 North Greenville Ave
Richardson, TX 75082

    Re: Lindsey Casali Vs GEICO Insurance Company,
D202CV2016-03254

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a copy of a Summons, and Complaint to Recover Damages for Personal Injury Resulting from Automobile Accident, and Bad Faith, to Defendant GEICO Insurance Company in the State of New Mexico on the above styled cause, Service has been accepted on your behalf as of June 6, 2016.

Respectfully,

John G. Franchini, Superintendent

Enclosure

CERTIFIED MAIL  7010  0290 0002  3837 5960

**EXHIBIT**
B

Skip to Main Content  Logout  My Account  Search Menu  Search Menu  New Civil Probate Family Search  Refine Search  Back        Location : Bernalillo County    Images Help

# REGISTER OF ACTIONS
### CASE NO. D-202-CV-2016-03254

| | | |
|---|---|---|
| Lindsey Casali v. Geico Insurance Company | § § § § § | Case Type: **Tort Auto** |
| | | Date Filed: **05/24/2016** |
| | | Location: **Bernalillo County** |
| | | Judicial Officer: **Huling, Valerie** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | Geico Insurance Company | |
| **Plaintiff** | Casali, Lindsey | David Ray Rosales |
| | | *Retained* |
| | | 505-866-4529(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 05/24/2016 | **Cause Of Actions** | Tort: Personal Injury Auto |
| | Action Type | Action |
| 05/24/2016 | **Cause Of Actions** | Bad Faith |
| | Action Type | Action |
| 05/24/2016 | OPN: COMPLAINT | |
| 05/24/2016 | ARB: CERT IS SUBJECT | |
| 05/25/2016 | **Summons** | |
| | Geico Insurance Company | Unserved |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** Casali, Lindsey | | |
| | Total Financial Assessment | | 132.00 |
| | Total Payments and Credits | | 132.00 |
| | **Balance Due as of 06/30/2016** | | **0.00** |
| | | | |
| 05/25/2016 | Transaction Assessment | | 132.00 |
| 05/25/2016 | File & Serve Payment   Receipt # ALBD-2016-14768 | Casali, Lindsey | (132.00) |

**EXHIBIT**

tabbies

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT**

**LINDSEY CASALI,**

      **Plaintiff,**

**v.**                             **No. D-202-CV-2016-03254**

**GEICO INSURANCE COMPANY,**

      **Defendant.**

## <u>NOTICE OF FILING OF REMOVAL</u>

PLEASE TAKE NOTICE that GEICO General Insurance Company (hereinafter "GEICO"), improperly named as GEICO Insurance Company, by and through its attorneys Chapman and Charlebois, P.C. (Donna L. Chapman and Jessica C. Singer), has filed a Notice of Removal in the United States District Court for the District of New Mexico. A true and correct copy of the Notice of Removal, attached to this Notice as Exhibit "1" was mailed to:

David E. Shelle
David Ray Rosales
Rosales Law Group, P.C.
PO Box 7899
Albuquerque, NM 87194
DavidRosales@NewMexicoCounsel.com
DShelle@NewMexicoCounsel.com
*Attorneys for Plaintiff*

                           Respectfully submitted,

                           **CHAPMAN AND CHARLEBOIS, P.C.**

                           Donna L. Chapman
                           Jessica C. Singer
                           P.O. Box 92438
                           Albuquerque, NM 87199
                           Tel: (505) 242-6000
                           donna@cclawnm.com
                           jessica@cclawnm.com
                           *Attorneys for GEICO as to the extra-*
                           *contractual claims only*

**EXHIBIT**
1

I HEREBY CERTIFY THAT on this _6th_ day of July, 2016, I filed the foregoing electronically through the Odyssey File and Serve system, which caused the following counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and that a copy was sent via e-mail to the following:

David E. Shelle
David Ray Rosales
Rosales Law Group, P.C.
PO Box 7899
Albuquerque, NM 87194
DavidRosales@NewMexicoCounsel.com
DShelle@NewMexicoCounsel.com
*Attorneys for Plaintiff*

Jessica C. Singer

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

**LINDSEY CASALI,**

       **Plaintiff,**

v.                           **No. D-202-CV-2016-03254**

**GEICO INSURANCE COMPANY,**

       **Defendant.**

### ENTRY OF APPEARANCE

Chapman and Charlebois, P.C. (Donna L. Chapman and Jessica C. Singer), hereby enter their appearance on behalf of GEICO General Insurance Company, (hereinafter "GEICO"), improperly named as GEICO Insurance Company as to the extra-contractual claims only. Copies of all documents pertaining to litigation in this matter should be sent to the undersigned attorneys.

                    Respectfully submitted,

                    **CHAPMAN AND CHARLEBOIS, P.C.**

                    *Donna Chapman*

                    Donna L. Chapman
                    Jessica C. Singer
                    PO Box 92438
                    Albuquerque, NM  87199
                    505-242-6000
                    donna@cclawnm.com
                    jessica@cclawnm.com
                    *Attorneys for GEICO as to the extra-contractual claims only*



EXHIBIT

E

I hereby certify the foregoing was served on the following counsel of record via the Odyssey File & Serve system on this _6th_ day of July, 2016:


David E. Shelle
David Ray Rosales
Rosales Law Group, P.C.
PO Box 7899
Albuquerque, NM 87194
DavidRosales@NewMexicoCounsel.com
DShelle@NewMexicoCounsel.com
*Attorneys for Plaintiff*


Jessica C. Singer

2

JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| LINDSAY CASALI | GEICO INSURANCE COMPANY |

| **(b)** County of Residence of First Listed Plaintiff    Bernalillo | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| David E. Shelle and David Ray Rosales -Rosales Law Group, P.C. | Donna L. Chapman/ Jessica C. Singer, Chapman and Charlebois, PC |
| PO Box 7899 | 4100 Osuna NE, Suite 2-203 |
| Albuquerque, NM 87194    505-866-4529 | Albuquerque, NM 87109    505-242-6000 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**EXHIBIT**

F

tabbies

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 u.s.c. Sec. 1332, 1441, 1141(b), 1446 and 1146(b)(2)(A)

Brief description of cause:
Personal Injury UM/UIM

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P

**DEMAND $**

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____